FRANCISCO DEL VALLE, peticionario y apelado, *v.* JUNTA DE RETIRO DE FUNCIONARIOS Y EMPLEADOS PERMANENTES DEL GOBIERNO INSULAR, ETC., querellados y apelantes.

Núm. 8659.—*Sometido:* Abril 9, 1943. *Resuelto:* Junio 8, 1943.

*Hon. Procurador General Interino M. Rodríguez Ramos y R. García Cintrón, Procurador General Auxiliar y Carmen B. Hernández, Oficial Jurídico,* abogados de los apelantes; *Celestino Iriarte, F. Fernández Cuyar y H. González Blanes,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Francisco del Valle, el peticionario, después de haber prestado servicios al Gobierno Insular por más de veinte años, fué separado involuntariamente del cargo que ocupaba el día 31 de octubre de 1941, fecha para la cual ya había cumplido 62 años de edad. De acuerdo con la ley vigente tiene derecho a recibir una renta vitalicia por retiro involuntario.

Computada por la Junta de Retiro de Funcionarios y Empleados Permanentes del Gobierno Insular la pensión que debería recibir el Señor del Valle, surgió un conflicto entre las partes en cuanto a la forma en que la misma debería computarse.

Sostenía el peticionario que la pensión debe computarse exclusivamente a base de la sección 8 de la Ley núm. 23 de 16 de julio de 1935 (Sesión Extraordinaria, pág. 127), mientras que la Junta de Retiro sostenía que dicha pensión debe computarse a base de las secciones 4 y 9 de la mencionada ley.

No habiéndose puesto de acuerdo, las partes acudieron a la Corte de Distrito de San Juan, sometieron el caso por las alegaciones y solicitaron sentencia declaratoria que determinase la forma en que ha de computarse la pensión.

La corte, en 5 de de noviembre de 1942, dictó sentencia "declarando que la pensión a que tiene derecho el demandante de acuerdo con la Ley núm. 23 de 16 de julio de 1935 debe ser igual a la mitad del sueldo que devengaba el demandante al ser separado de su cargo el 15 de diciembre de 1941, pero no debe exceder de $1,500 al año", y condenando a los demandados al pago de costas.

No conforme con dicha sentencia la Junta de Retiro apeló de la misma para ante este Tribunal, señalando la comisión de un solo error, a saber:

"La corte inferior cometió error al resolver que la renta vitalicia a que tiene derecho el apelado debe computarse única y exclusivamente de conformidad con la sección 8 de la Ley núm. 23 de 16 de junio (sic) de 1935, o sea a base de la mitad del último sueldo percibido por el apelado."

La única cuestión envuelta en este caso es si la sección 8 de la Ley núm. 23 citada provee una fórmula para la computación de la pensión en todos los casos de separación involuntaria de un funcionario o empleado, o solamente en aquellos casos en que el pensionado tiene más de 45 años y menos de 60 años de edad. Alegan los apelantes que en todos los casos en que el funcionario o empleado separado involuntariamente del cargo haya cumplido más de 60 años de edad la pensión deberá computarse a base de lo dispuesto en las secciones 4 y 9 de la Ley. Las secciones 4, 8 y 9 de la mencionada ley disponen lo siguiente:

"Sección 4.—El retiro se concederá con renta vitalicia por razón de edad, por incapacidad física, por el número de años de servicios prestados, o por separación involuntaria, de acuerdo con las disposiciones de esta Ley. En ningún caso se concederá una renta vitalicia cuyo importe exceda del 75 por ciento del promedio de los sueldos o compensaciones básicas anuales recibidos por el solicitante durante los últimos diez años de servicios prestados; ni excederá nunca dicha renta vitalicia de mil quinientos (1,500) dólares al año. El término 'sueldo o compensación básica,' usado en esta Ley, se entenderá que excluye de sus efectos todo bono, obvención, remuneración por servicios extraordinarios o compensación dada en adición al sueldo fijado al cargo por ley o reglamento. *Disponiéndose,* que no se concederá, retiro alguno a aquellas personas que no estuvieren en servicio activo en la fecha en que lo soliciten, ni a las que hayan cotizado al Fondo de Retiro por un período menor de diez años."

"Sección 8.—Si un funcionario o empleado a quien esta Ley sea aplicable, de 45 años de edad, antes de tener derecho a retiro fuere separado involuntariamente por cualquier motivo, excepto destitución del Servicio Civil Clasificado o no clasificado, después de haber servido por un período no menor de veinte (20) años, tendrá derecho a recibir, desde la fecha en que cesare en su cargo, de un cincuenta por ciento del sueldo que estuviere devengando al tiempo en que cesare en sus funciones oficiales hasta tanto sea repuesto por la Comisión del Servicio Civil en un cargo igual o similar al que desempeñaba, y para lo cual será deber de dicha Comisión, sin excusa ni pretexto alguno, comunicar el nombre de dicho empleado al Jefe del Departamento en que hubiere vacado la plaza y éste deberá nombrar al citado empleado para la referida vacante. Si el empleado así nombrado declinare dicho nombramiento, cesará *ipso facto* la pensión que percibe y la Junta de Retiro procederá a dar de baja su nombre de la nómina de los pensionados; *Disponiéndose, sin embargo,* que si el empleado de tal modo separado involuntariamente tuviere sesenta (60) o más años de edad, la renta que se le concederá será de carácter vitalicio, sin derecho a reposición, pero en ningún caso recibirá una pensión anual mayor de mil quinientos (1,500) dólares.

"Sección 9.—La renta vitalicia de cualquier funcionario o empleado del Gobierno Insular de Puerto Rico, comprendido en el Servicio Civil clasificado o no clasificado, retirado bajo las disposiciones de esta Ley, será compuesta de una suma igual a dos por ciento (2%) del promedio de sueldos recibidos por el funcionario o empleado durante los últimos ocho (8) años de servicio, multiplicado

.por el número total de años de servicios computables durante los cuales cotizó normalmente, y uno y medio por ciento por cada año adicional de servicios computables durante los cuales no cotizó.

"Al computar los servicios de un funcionario o empleado, se sumarán los distintos períodos de servicio que prestare en la forma expresada en la sección 3, cuyo total en años completos será el número de años de servicios que servirá de base para determinar su renta vitalicia no tomándose en consideración ninguna fracción menor de un año que sobrare.

"Al computar el montante de la renta vitalicia se adoptará el múltiplo de doce más cercano a la cifra obtenida en la operación aritmética."

Opinamos que la corte inferior procedió correctamente al resolver como resolvió que la renta vitalicia a que tiene derecho el peticionario debe ser computada de acuerdo con las disposiciones de la sección 8, supra.

De acuerdo con los términos de dicha sección, cuando un funcionario o empleado de "45 años de edad", que ha prestado más de 20 años de servicios, es separado involuntariamente de su cargo, excepto en caso de destitución, dicho funcionario o empleado tendrá derecho a recibir el cincuenta por ciento (50%) del sueldo que estuviere recibiendo en la fecha en que cesare en sus funciones oficiales, hasta tanto sea repuesto en un cargo igual o similar al que desempeñaba. Las palabras "de 45 años de edad" no significan que el funcionario o empleado involuntariamente retirado del servicio deba tener exactamente la edad de 45 años. Lo que en realidad ha querido decir el legislador es que debe tener cuarenta y cinco o.más años de edad, siendo por tanto aplicables las disposiciones de la sección 8 lo mismo a un empleado de 45 que a uno de 50 ó 59 años de edad. El empleado así separado que no ha cumplido los sesenta años en la fecha de su separación, tendrá derecho a recibir la mitad del sueldo que había estado recibiendo, hasta que sea repuesto. Esa pensión puede convertirse en vitalicia, si el empleado pasase el resto de su vida sin que se le repusiera en un cargo igual o similar al que antes ocupara.

Cuando el empleado "de tal modo separado involuntariamente" tuviere 60 o más años de edad, en ese caso la renta que se le concederá será de carácter vitalicio, sin que el empleado tenga derecho a ser repuesto en un cargo igual o similar y sin que la pensión pueda exceder de $1,500 anuales.

La citada sección 8 provee un procedimiento exacto y completo para la computación de la pensión de los retirados involuntariamente del servicio. Los requisitos esenciales para tener derecho a pensión son (*a*) tener más de 45 años de edad y (*b*) haber servido al Gobierno Insular durante más de veinte años. El aquí peticionario y apelado tiene más de 45 años de edad, ha servido por más de veinte años y ha sido separado involuntariamente de su cargo. Si el peticionario tuviese menos de 60 años de edad, tendría derecho a recibir la mitad del sueldo que antes recibía, sin limitación alguna, hasta su reposición en otro cargo, de manera que si su sueldo fuera de $6,000 anuales, la pensión sería de $3,000 anuales. Teniendo el peticionario más de sesenta años de edad y más de veinte de servicios y habiendo sido separado involuntariamente del cargo, la renta vitalicia a que tiene derecho de acuerdo con la sección 8 debe ser igual al 50 por ciento del sueldo que estaba devengando cuando cesó en el cargo, siempre que no exceda de $1,500 anuales. Las secciones 4 y 9, supra, no son aplicables a un caso como el de autos.

*La sentencia recurrida debe ser confirmada.*